```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.06-21426-Civ-LENARD
                                   (03-20294-Cr-LENARD)
                              MAGISTRATE JUDGE P. A. WHITE
```

DWELLY CAULEY                    :

    Movant,                      :

v.                               :         **REPORT OF**
                                                               **MAGISTRATE JUDGE**

UNITED STATES OF AMERICA,        :

    Respondent.                  :
_____

Dwelly Cauley has filed a *pro se* motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence for conspiracy to import five or more kilograms of cocaine and conspiracy to possess with intent to distribute five or more kilograms of cocaine entered February 4, 2004, following a jury trial in Case No.03-20294-Cr-LENARD.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings in the United States District Courts. For its consideration of this motion, the Court has the response of the government to an order to show cause with exhibits, the Presentence Investigation Report (PSI), and the underlying criminal file.

Cauley raises the following claims:

        1. Counsel was ineffective for not presenting evidence that the shipping container containing the sham cocaine was never offloaded at the Port of Miami.

2. Counsel was ineffective for not objecting to the admission of 404(b) evidence.

3. Counsel was ineffective for failing to request a jury instruction on withdrawal from the conspiracy and not arguing withdrawal as an alternate theory of defense.

4. Counsel was ineffective for failing to object to testimony that violated the Confrontation Clause.

5. Counsel was ineffective for failing to move to sever the indictment and failing to challenge the redacted indictment and the permissible

6. Counsel was ineffective for failing to advise him of his right to testify.

7. The government committed prosecutorial misconduct when it suggested that the jury could consider events that occurred prior to the conspiracy.

8. Counsel was ineffective for failing to object to sentencing entrapment resulting from the government's actions.

9. Counsel was ineffective for failing to raise <u>Booker</u> and <u>Blakely</u> arguments on appeal.

10. The combined effect of the above errors warrant vacatur of his conviction.

The facts as summarized in the appellate opinion are as follow. Confidential informant, Omar Somonte, was arrested for drug trafficking and cooperated with the Drug Enforcement Agency. He used his past smuggling experience to coordinate a reverse sting operation in which no real drugs were used. He was introduced to CAULEY by Pedro Navarro, who wanted Cauley to conduct a drug deal with Somonte in order to collect a debt which Cauley owed Navarro from a previous deal. Navarro was later cut out of the deal.

Somonte met with Cauley several times, during which he wore a wire and recorded their conversations. They discussed details of the off loading process, including how to position the shipping container which held the drugs so that its doors could be easily opened.

At the first meeting in February 1999, Somonte observed an unidentified white Mercedes repeatedly circle the area where the meeting took place. Cauley also gave the names of port workers he would use in the deal, but said that he would not advise the workers about the deal prior to the transaction. He later agreed to hire a crew, and indicated in July that he was ready to go. Two days before the deal was to be executed, Somonte expressed concern about the reliability of the crew, which Cauley assured him was trustworthy and would not steal the cocaine.

On August 14, 1999, Somonte met Cauley, who was accompanied by two cars which arrived and left with him. Somonte gave Cauley keys to a van and the number of the container containing the drugs. Cauley called him later that morning and informed him that the crew did not want to work because of the heavy rain. Somonte responded that the deal would be easier to execute in inclement weather, but Cauley refused to work until the weather cleared. That evening after the deal fell through, Somonte and DEA agent Rick Lohse went to the port and found that the container which housed the sham cocaine had been specially positioned so that the doors could be easily accessed.

Cauley was indicted and charged with conspiracy to import five or more kilograms of cocaine and conspiracy to possess with intent to distribute five or more kilograms of cocaine. (Cr. DE# 3). He proceeded to trial by jury and did not testify. He called two

witnesses on his behalf.  A jury found him guilty as charged.  (Cr. DE# 81).   The Court sentenced him to 262 months imprisonment, followed by five years of supervised release.

Cauley appealed, arguing that the court improperly denied his motion for judgment of acquittal based on insufficiency of the evidence. On March 4, 2005, the Court of Appeals affirmed the conviction in a written but unpublished opinion.  This timely motion to vacate ensued.

Cauley alleges that he received ineffective assistance of counsel in the majority of his claims.

In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11 Cir. 2000)(*en banc*).  The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987).  Moreover, prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In order to satisfy the prejudice prong, the movant must demonstrate that there is  "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, supra. at 394. In other words, the movant must prove "that counsel's errors were so serious as to

4

deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687; see also, Lockhart v. Fretwell, 506 U.S. 364, 369 (1993), citing, Kimmelman v. Morrison, 477 U.S. 365 (1986)("The essence of an ineffective assistance of counsel claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."). In Fretwell, the Supreme Court also concluded that "an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.  To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Fretwell, supra at 369, citing, United States v. Cronic, 466 U.S. 648, 653 (1984).  The touchstone of an ineffective-assistance claim is the fairness of the adversary proceeding, and "in judging prejudice and the likelihood of a different outcome, '[a] defendant has no entitlement to the luck of a lawless decisionmaker.'" Fretwell, supra at 370, citing, Strickland, supra at 695.

The Eleventh Circuit reviews an attorney's performance with deference, and looks not for "what is prudent or appropriate, but only what is constitutionally compelled." Hardwick v. Crosby, 320 F.3d 1127, 1161 (11 Cir. 2003), citing Chandler v. United States, 218 F.3d 1305, 1313 (11 Cir. 2000) (en banc)(When assessing a lawyer's performance, "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment."). The court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was

within "the wide range of professionally competent assistance." Van Poyck v. Florida Dept. of Corrections, 290 F.3d 1318, 1322 (11 Cir.), cert. den'd, ___ U.S. ___, 123 S.Ct. 70 (2002), quoting, Strickland v. Washington, supra at 690. Review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992).

The standard for a claim of ineffective assistance on direct appeal is the same as that for ineffective assistance at trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). When a petitioner claims ineffective assistance of appellate counsel, he must demonstrate a reasonable probability that the outcome of the appeal would have been different but for counsel's errors. Clark v. Crosby, 335 F.3d 1303, 1312 n. 9 (11 Cir. 2003). There is no duty to raise issues on appeal which have little or no chance of success. Thus, appellate counsel is not required to raise meritless issues, Card v. Dugger, 911 F.2d 1494, 1520 (11 Cir. 1990), or issues which were not preserved and are procedurally barred on appeal, Bertolotti v. Dugger, 883 F.2d 1503, 1523 (11 Cir. 1989), cert. denied, 497 U.S. 1032 (1990); Jackson v. Dugger, 931 F.2d 712, 715 (11 Cir. 1991). Moreover, appellate counsel has no duty to raise every nonfrivolous issue requested by a defendant, if counsel, as a matter of professional judgment, decides not to present those points. Jones v. Barnes, 463 U.S. 745, 751 (1983).

Bare and conclusory allegations of ineffective assistance of counsel which contradict the existing record and are unsupported by

6

affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration.  See United States v. Robinson, 64 F.3d 403, 405 (8 Cir. 1995), Tejada v. Dugger, 941 F.2d 1551, 1559 (11 Cir. 1991), cert. denied, 502 U.S. 1105 (1992)(a petitioner is not entitled to habeas corpus relief when his claims are merely conclusory allegations unsupported by specifics or in the face of the record are wholly incredible); Ferguson v. United States, 699 F.2d 1071 (11 Cir. 1983).

Cauley argues in his first claim that he received ineffective assistance of counsel when counsel failed to present evidence that the shipping container was never offloaded at the Port of Miami. The government's evidence showed that Cauley and his crew decided not to complete the transaction and offload the sham cocaine because of inclement weather.  After the deal fell through, the confidential informant and DEA agent went to the port and observed that the container housing the sham cocaine had been positioned so that the doors could be easily opened.  They then staged an offloading of the cocaine, so that any one observing would still believe that the confidential informant Somonte was a legitimate drug smuggler.  The evidence was clear, however, that Cauley and his crew decided not to offload the cocaine and were not present at the time that the DEA agent and Somonte offloaded the sham cocaine.

Cauley cannot establish prejudice resulting from counsel's alleged failure to present additional evidence that the cocaine was not offloaded, as the Eleventh Circuit considered the evidence and found it to be sufficient; and, there is no reasonable probability that the jury would have acquitted Cauley had such testimony been presented by counsel in light of the totality of the evidence

presented at trial.  Cauley is not entitled to relief on his first claim.[1]

Cauley argues in his second claim that he received ineffective assistance of counsel when counsel failed to object to the admission of evidence of prior bad acts.  His claim is belied by the record, which shows that counsel did, in fact, file a *motion in limine* to preclude cumulative, unfair, prejudicial evidence regarding an alleged 404(b) incident.  (Cr. DE# 67).  The government responded that the evidence qualifies as Rule 404(b) evidence and argued that it was relevant.  The evidence was similar to the underlying offense, in that Cauley was involved in a smuggling scheme at the Port of Miami, where he and his co-conspirator offloaded a shipment of cocaine and that evidence was introduced to show Cauley's intent, knowledge and plan.  (Cr. DE# 63).

The government did not engage in misconduct by introducing the 404(b) evidence.  In light of the evidence against Cauley, including the confidential informant's testimony and recorded conversations between the two of them, and the lawful introduction of the 404(b) evidence, there is no reasonable probability that the result of the trial would have been different but for counsel's performance.  For the same reasons, it is not likely that the case would have been reversed on appeal.  Cauley is not entitled to relief on his second claim.

---

[1] Cauley further argues that appellate counsel rendered ineffective assistance for failing to raise this claim on direct appeal and that the government committed prosecutorial misconduct when it allowed the confidential informant and DEA agent to testify that the container had been positioned for easy access.  For the reasons stated in the discussion of the first claim, these companion claims are also without merit.

In his third claim, Cauley argues that counsel rendered ineffective assistance by failing to request a jury instruction on withdrawal from a conspiracy and failing to argue withdrawal as an alternative theory of defense. The Eleventh Circuit rejected Cauley's argument on appeal that his crew's refusal to work in the rain on the scheduled date prevented formation of the conspiracy, because the government was not required to prove that the parties completed the conduct that formed the basis of the agreement in order to prove the existence of the conspiracy. (Cr. DE# 121). Thus, Cauley cannot establish prejudice, because the Court of Appeals found the evidence to be sufficient even in light of the failure to complete the conduct underlying the conspiracy. The government correctly argues in its response that there was no lawful basis for such an instruction or a defense. Cauley is not entitled to relief on his third claim.

Cauley argues in his fourth claim that counsel rendered ineffective assistance by failing to object to testimony that violated the Confrontation Clause. Specifically, he challenges the introduction of evidence of a conversation between Somonte and Pedro Navarro, wherein Navarro told Somonte various incriminating things about Cauley. Cauley has not specifically identified the substance of the "incriminating things." During Somonte's testimony, defense counsel raised a hearsay objection, which was overruled upon a finding that the statements were properly considered as statements by a co-conspirator.

There was neither deficient performance nor prejudice resulting from counsel's performance at trial. He objected. His objection was overruled. There is little likelihood that the result of the trial or the appeal would have been different but for

9

trial or appellate counsel's assistance. Cauley is not entitled to relief on his fourth claim.

In his fifth claim, Cauley argues that counsel was ineffective when he failed to move for severance of the allegedly misjoined indictment and for not challenging the redacted indictment as a constructive amendment. He complains that the indictment submitted to the jury identified two co-defendants who pleaded guilty prior to the beginning of trial. He maintains that those individuals were not involved in the conspiracy with which he was charged and that they should not have been indicted with him. However, he acknowledges that those individuals pleaded guilty and acknowledged their intent to help Somonte import and distribute cocaine. He further acknowledges that the defendants were not mentioned or discussed during his trial.

The government argues in response that neither co-defendant was tried with Cauley and their names did not remain in the indictment presented to the jury. Thus, counsel was able to press his argument that Cauley did not conspire with any non-government conspirators, so that the government could not prove that a conspiracy occurred. In fact, counsel requested a jury instruction advising the jury that neither government agents or confidential informants can be considered co-conspirators. (Cr. DE# 61). The Court gave the requested instruction. (Cr. DE# 93).

Cauley has not demonstrated that he received ineffective assistance of counsel with regard to the redacted indictment. The government's argument in the response is persuasive. Moreover, the evidence delineated above overwhelming demonstrates that Cauley agreed to help import cocaine and recruited people other than confidential informants and government agents to assist him. Thus,

if any error occurred with regard to the indictment, the evidence against him was substantial and he has not demonstrated a reasonable probability that the result of his trial would have been different but for counsel's performance or that his conviction would have been vacated on appeal.  He is not entitled to relief on his fifth claim.

In his sixth claim, Cauley argues that counsel was ineffective for not advising him regarding the decision about whether he should testify.  Specifically, he states:

> Counsel discussed only briefly with defendant the question of whether Defendant should testify (see Exh. D, Affidavit of Defendant). Counsel did not advise Defendant of his constitutional prerogative, nor did counsel indicate reasons for or against a decision to not testify, should Defendant have elected to do so.  Effectively, then, Defendant could not knowingly waive his right to testify on his own behalf, nor could he knowingly exercise his right to silence.

In the affidavit in support of the motion, Cauley states that had he know of his right to testify, he would have testified that 1) the 404(b) evidence used against him was created by Somonte; 2) he and Louis Navarro were friends but were never involved in the drug trade; and 3) the "alleged Port of Miami episodes that he stated to Somonte that he was part of, was actually learned of by him through gossip around the Port and Louis Navarro.  He further states that he would have testified about 1) his own interpretations of th tape recorded conversations between him and Somonte, 2) his experience in working at the Port of Miami as a Longshoreman for 15 years and how vessels are loaded and unloaded, 3) the heavy equipment operators functions at the Port and the

functions of other longshoremen, and 4) the different roles of longshoremen.  He further would have contradicted testimony given by all of the government's witnesses and specifically testify that Somonte's description of the longshoreman's responsibilities was a lie.

The law is well settled that a criminal defendant has a fundamental constitutional right to testify in his or her own behalf at trial. Rock v. Arkansas, 483 U.S. 44, 49-52 (1987); United States v. Teague, 953 F.2d 1525, 1532 (11 Cir. 1992) (en banc).  This right is personal to the defendant and cannot be waived by the trial court or defense counsel.  Teague, supra at 1532; Brown v. Artuz, 124 F.3d 73, 77-78  (2 Cir. 1997).

The proper vehicle for such an argument of a violation of the right to testify is through a claim of ineffective assistance of counsel, which requires analysis under Strickland v. Washington, 466 U.S. 668 (1984). Gallego v. United States,174 F.3d 1196 (11 Cir. 1999)(citing Teague, 953 F.2d at 1534); Brown, 124 F.3d at 79-80; Sexton v. French, 163 F.3d 874, 882 (4 Cir. 1998). United States v. Tavares, 100 F.3d 995, 998 (D.C. Cir.1996).  That is that the movant must demonstrate both that counsel's performance was deficient and that he was prejudiced as a result.  Strickland, supra.

Counsel must advise the defendant of his right to testify or not to testify, the strategic implications of each choice, and that the ultimate decision whether to testify belongs to the defendant alone.  Teague at 1533.  Counsel may advise the defendant, and should do so in the strongest possible terms not to testify if counsel believes that it would be unwise for the defendant to testify.  Id.  As with any other claim of ineffective assistance of

12

counsel, the petitioner must show both that counsel's performance was deficient and he was prejudiced as a result.  Strickland, supra.

Not all assertions of ineffective assistance of counsel with regard to the right to testify or not testify warrant evidentiary hearing.  Underwood v. Clark, 939 F.2d 473 at 476 (7 Cir. 1991)(barebones assertion by a defendant is insufficient to require a hearing on a claim that the right to testify was denied, greater particularity and some substantiation such as an affidavit from the lawyer who allegedly forbade his client to testify are necessary to give the claim sufficient credibility to warrant a further investment of judicial resources); Siciliano v. Vose, 834 F.2d 29 (1 Cir.1987)(defendant's conclusory allegation that his attorney refused to allow him to testify in his own behalf was insufficient to entitle him to hearing on issue of whether his right to testify was violated); Passos-Paternina v. United States, 12 F. Supp. 231, 239-40 (D. Puerto Rico 1998).

The Fourth Circuit has held that a hearing was not necessary where the defendant suffered no prejudice under Strickland, supra, because "his testimony at trial only helped his case..." Sexton v. French, 163 F.3d 874, 883 (4 Cir. 1998), cert. denied, 120 S.Ct. 139 (1999).  The Eleventh Circuit has not determined whether a conclusory allegation of interference with the right to testify is sufficient to warrant further inquiry, such as the grant of a hearing.[2]  See, e.g. Brown, 124 F3.d at 80.  However, Eleventh Circuit caselaw is clear that an evidentiary hearing on a §2255 ineffective-assistance claim should be held only when the

---

[2] In Gallego v. United States, 174 F.3d 1196 (11 Cir. 1999) the Court rejects a "per se credit counsel in case of counsel rule," with regard to credibility findings in evidentiary hearings, but does not address the issue of when a hearing is actually required.

13

petitioner alleges facts that, if true, warrant habeas relief. Diaz v. United States, 930 F.2d 832, 834 (11 Cir. 1991). The court need not hold an evidentiary hearing when the claims are frivolous, are unsupported conclusory allegations, or are contradicted by the record. Holmes v. United States, 876 F.2d 1545, 1553 (11 Cir. 1989)." Moreover, it is clear that a defendant must prove prejudice in order to be entitled to relief on such a claim. See Teaque, supra.

The jury heard evidence that Cauley met with the confidential informant Somonte on several occasions over a period of several months concerning the importation of half a ton of cocaine into the United States through the Port of Miami. The jury heard transcripts of conversations and saw videotapes of meetings that Cauley and Somonte concerning the logistics of the transaction. Transcripts of the tape recordings were provided to the jury. The jury heard Cauley advise Somonte on several occasions that he had a crew available to assist him with offloading the cocaine and that the shipping container had been set up for easy access and offloading of the shipment. Additionally, the jury heard testimony about Cauley's prior drug smuggling ventures, which was introduced to show Cauley's intent to participate in the smuggling venture with Somonte, his knowledge of what was necessary to effectuate such a venture, and his plan on how to conduct the smuggling venture. Fifteen tapes were introduced into evidence.

Cauley has not demonstrated a reasonable probability that the jury would have rejected the substantial evidence against him and acquitted him based upon the testimony he proffers in the affidavit in support of the motion to vacate. Additionally, his argument if ineffective assistance of counsel for failing to object to the Court's omission of the jury instruction concerning the right not

to testify is without merit, as the trial transcript demonstrates that the Court did, in fact, instruct the jury that Cauley had a right not testify and that the jury could not consider his decision not to testify in any way. (DE# 114 at 578). He is not entitled to relief on his sixth claim.

Cauley argues in his seventh claim that the government committed prosecutorial misconduct when it suggested that the jury could consider events prior to the charged conspiracy.

When considering whether the government engaged in prosecutorial misconduct by making an improper argument, the Court must evaluate four factors, including 1) the degree to which the challenged remarks have a tendency to mislead the jury and to prejudice the accused, 2) whether they are isolated or extensive, 3) whether they were deliberately or accidentally placed before the jury, and 4) the strength of the competent proof to establish the guilt of the accused. Davis v. Zant, 36 F.3d 1538, 1546 (11 Cir. 1994). A defendant's substantial rights are prejudicially affected when there is a reasonable probability that, but for the remarks, the outcome of the trial would have been different. United States v. Eckhardt, 466 F.3d 938, 947 (11 Cir. 2006). If there is sufficient evidence of guilt, the error is harmless. Id.

Review of the transcript of the government's argument reveals that the argument identified by Cauley reveals no impropriety. The remarks were a fair comment on the testimony and in rebuttal to defense counsel's arguments. Government counsel responded to defense counsel's argument that there was no conspiracy because it was not completed by offloading the cocaine by arguing that the conspiracy was completed prior to the scheduled offload, and during the argument counsel argued that the conspiracy was complete when

15

Navarro engaged Somonte, who engaged Cauley, so that they could complete a drug transaction and Cauley could repay his debt to Navarro. Moreover, in light of the substantial evidence at trial, even if the argument were improper, it was harmless. Cauley is not entitled to relief on his seventh claim.

Cauley argues in his eighth claim that counsel rendered ineffective assistance at sentencing when he failed to object to the government's manipulation of the amount of cocaine involved in the offense, which resulted in a higher sentence.

The Eleventh Circuit has held that a fictitious government-organized "reverse sting" operation involving a large quantity of drugs does not constitute sentencing factor manipulation. <u>United States v. Sanchez</u>, 138 F.3d 1410, 1414 (11 Cir. 1998). The government may properly attempt to strengthen its case, even when it does so by engaging in multiple transactions which increase the amount of drugs involved in the offense and result in greater sentence for the defendant. <u>United States v. Govan</u>, 293 F.3d 1248, 1251 (11 Cir. 2002).

Counsel did not perform deficiently by failing to raise a nonmeritorious argument based upon sentencing factor manipulation. It is not likely that his sentence would have been reduced even if counsel had raised such an argument. Cauley is not entitled to relief on his eighth claim.

In his ninth claim, Cauley argues that counsel rendered ineffective assistance when he failed to argue that his sentence is unconstitutional because it was determined based upon facts which were not admitted by him or proven to a jury beyond a reasonable doubt. He cites <u>United States v. Booker</u>, 543 U.S. 220 (2005) in

support of his claim, but provides no factual basis for his argument.

Bare and conclusory allegations which contradict the existing record and are unsupported by affidavits or other indicia of reliability, are insufficient to require a hearing or further consideration. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11 Cir. 1991), cert. denied, 502 U.S. 1105 (1992)(a petitioner is not entitled to habeas corpus relief when his claims are merely conclusory allegations unsupported by specifics or in the face of the record are wholly incredible). Cauley is not entitled to relief on his ninth claim.

Finally, in his tenth claim, Cauley argues that the combined effect of the above errors warrant vacatur of his conviction. As discussed in detail above, Cauley has raised no meritorious claims.

It is therefore recommended that the motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed in chambers at Miami, Florida, this 7th day of November, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Dwelly Cauley, Pro Se
     Reg. No. 69830-004
     FCC Medium
     P.O. Box 1032
     Coleman, FL 33521-1032

     Counsel of record